# J. K. Durr, Plff. in Err., *v.* Commonwealth, to Use, etc.

The act of May 13, 1887, regulating the liquor traffic throughout the state, which provides that "all local laws fixing a license rate or fee less than is provided for in this act are hereby repealed," repeals the act of April 3, 1872, which applied only to Allegheny county, and thereby revived in that county the general act of February 26, 1855, as to all provisions not inconsistent with the act of 1887, which said act of 1855 had been repealed as to that county by the act of 1872.

(Argued November 8, 1887. Decided January 3, 1888.)

October Term, 1887, No. 248, W. D., before GORDON, Ch. J., PAXSON, STERRETT, and WILLIAMS, JJ. Error to the Common Pleas No. 2 of Allegheny County to review a judgment for the plaintiff on a case stated. Affirmed.

The following was a case stated for the opinion of the court in the nature of a special verdict:

That J. K. Durr, the defendant, was the keeper of a hotel, tavern, and public house at the corner of Fourth avenue and Market street, in the city of Pittsburgh, Allegheny County, Pa., on the 3d day of July, 1887, which day was a Sunday; and on

---

Cited in *Re* East Avenue, 6 Montg. Co. L. Rep. 46.

NOTE.—When a general act is passed, revising the subject-matter of an earlier one, and evidently intended as a substitute for it, it impliedly repeals the former, though there are no express words to that effect. Com. v. Cromley, 1 Ashm. (Pa.) 179; Nusser v. Com. 25 Pa. 126; Com. v. Dolan, 4 Pa. Co. Ct. 287; Com. v. Brown, 20 Pa. Co. Ct. 139, 7 Pa. Dist. R. 117.

See also Com. *ex rel.* Stein v. McCandless, *ante.* 167.

that date he did sell, trade, and barter in spirituous and malt liquors.

That the defendant, being the keeper of a public house or place, did knowingly allow spirituous and malt liquors to be drank on and within the premises and house occupied and kept by him as aforesaid, on July 3, 1887, being the first day of the week, commonly called Sunday.

That the guardians for the relief and employment of the poor of the city of Pittsburgh are a corporation created by an act of assembly, and the guardians, directors, and representatives of the poor of the city and district in which the said offense was committed.

That said A. Wishart is the prosecutor and the person suing in this cause.

That this suit was brought under §§ 1 and 2 of an act of assembly approved February 26, 1855, P. L. 53, Purdon's Digest, 1573, pl. 7, 8, and a supplement to said act, approved April 29, 1867, P. L. 95, Purdon's Digest, 1573, pl. 10, to recover one penalty of $50 for violating the provisions of said act.

That the transcript of the alderman, returned with the appeal in this case, shall be made a part of this case stated.

If the court be of the opinion that the acts of assembly under which this suit was brought are unrepealed, unmodified, and now in full force in Allegheny county, then judgment to be entered for the plaintiff for the sum of $50—but if not, the judgment to be entered for the defendant, the costs to follow the judgment, and either party reserving the right to sue out a writ of error therein.

The court entered judgment on the case stated in favor of plaintiff and against J. K. Durr, the defendant, for the sum of $50.

Defendant took the appeal, assigning for error this action of the court.

*H. T. Watson,* for plaintiff in error.—The act of February 26, 1855, was repealed in so far as Allegheny county is concerned, by the act of 1872. Com. use of McClure v. Gedikoh, 101 Pa. 354.

The first question that presents itself in this case is, Does the act of 1887 repeal the act of 1872, *in toto?* And, if it does, the

second question is, Does the act of 1887 repeal, by implication, the act of February 26, 1855 ?

"On every act professing to repeal or interfere with the provisions of a former law, it is a question of construction whether it operates as a total or partial or temporary repeal. The word 'repeal' is not to be taken in an absolute, if it appear upon the whole act to be used in a limited, sense." Potter's Dwarr. Stat. 158.

Following this rule and considering the multitude of local acts of assembly relating to liquor licenses, it appears to have been the intention of the legislature to pass a general act, in which the rate or fee for a license should not be more or less than that prescribed therein, thus leaving all local and general laws unrepealed, except in so far as they should be inconsistent with, or repugnant to, the latter act. If the act of 1872 is repealed only in so far as it is inconsistent with, or repugnant to, the act of 1887, then the act of 1855 is not in force in Allegheny county. Com. use of McClure v. Gedikoh, 101 Pa. 354.

If the act of 1887 repeals the act of 1872 *in toto*, the next question that arises is, Does the act of 1887 repeal, by implication, the act of February 26, 1855, or that part of it providing for the recovery of a penalty before an alderman or a justice of the peace ? If the intention of the legislature, in the act of 1887, was to impose a greater fine or punishment for the selling of liquors on Sunday than that imposed under the act of February 26, 1855, it repeals by necessary implication the act of 1855. "Where a statute imposes a new penalty for an offense, it repeals, by implication, so much of a former statute establishing a different penalty." Nichols v. Squire, 5 Pick. 168.

The different acts upon the same subject must be construed as one act; and the old law is repealed *pro tanto* to the extent of the repugnancy. Daviess v. Fairbairn, 3 How. 636, 11 L. ed. 760.

Repeal by implication is indispensable in some cases, although it is not generally favored. United States v. One Case Hair Pencils, 1 Paine, 400, Fed. Cas. No. 15,924.

In Sifred v. Com. 104 Pa. 179, it was held that the act of 1875 did not repeal the act of 1855, but there is a distinction between that case and this.

The act of 1872 prescribed no penalty for the selling of liquor on Sunday; the act of 1887 does impose a severe penalty—greater than in the act of 1855, and the inconsistency between the two

acts, so far as the penalty or punishment for selling on Sunday is concerned, is such as to amount to a repeal by implication.

*Yost & Rebman,* for defendant in error.—The penalty for the recovery of which this suit was brought was incurred by violating § 1 of the act of February 26, 1855, P. L. 53. Purdon's Digest, p. 1573, pl. 7.

The act of 1855 is a general law of the commonwealth. Its first section prohibits the sale of liquor on Sunday. The second section imposes a civil penalty of $50 for the violation of § 1 and provides for its recovery in an action of debt, the proceeding adopted in this case. The third section provides "that in addition to the civil penalties imposed by the last preceding section," such violation shall be a misdemeanor, punishable by both fine and imprisonment in every case.

That the act of May 13, 1887, P. L. 108, repeals *in toto* the Allegheny county liquor law of 1872 (Purdon's Digest, p. 1088), has been the uniform ruling of all the judges of both courts in Allegheny county.

It is contended by the plaintiff in error that the act of 1887 repeals the act of 1855, by implication; that § 17 of the act of 1887 contains a penalty for selling liquor on Sunday, and therefore supplies or repeals by implication § 2 of act of 1855.

The act of 1855 provides two remedies for the suppression of the sale of liquor on Sunday. The first is a civil penalty (as it is called in the act) to be recovered in an action of debt. The second is a criminal prosecution for the misdemeanor, under § 3, which is made punishable by fine and imprisonment.

Now it may be that § 17 of the act of 1887 is inconsistent with § 3 of the act of 1855, which provides for a criminal prosecution against such offenders; and it may be that the repugnancy works a repeal of § 3; but that repugnancy in no way affects § 2, under which this suit is brought, because it provides a civil penalty recoverable in debt, which is expressly declared by the act of 1855 to be in addition to the criminal prosecution. Therefore, there is no ground to urge that the act of 1887, § 17, repeals § 2 of the act of 1855 by implication; as well might it be urged that § 3 of the act of 1855 repeals § 2 of the same act.

The question of the repeal of § 3 of the act of 1855, by necessary implication, was considered in Sifred v. Com. 104 Pa. 179, and it was there said: "The general rule, however, is that there

must be such a positive repugnancy between the provisions of the new statute and the old, that they cannot stand together or be consistently reconciled. . . . If it be possible that both can stand by construction, then the proper inquiry is, What was the intention of the legislature? Did it mean to repeal the former law, or was the new law intended to be merely cumulative?

Is the act of February 26, 1855 (under which this suit is brought), restored, as a general law in Allegheny county, by the repeal of the local law of 1872, which held it in abeyance?

If such effect is not given to the repeal of local laws, the evil of special legislation intended to be remedied by the Constitution of 1874, is greatly aggravated. General laws, having once been suspended by a local act, would thereafter be forever limited in their application unless re-enacted; and the repeal of a local law relating to the public highways in a township or county would leave that territory, in many cases, without any law whatever upon the subject.

The revival or restoration of the act of February 26, 1855, in Allegeny county, resulted immediately upon the approval of the act of May 13, 1887, repealing the Allegheny county act of 1872. It is wholly immaterial how long the penal provisions of the local law of 1872 are preserved by § 3 of the act of 1877, in order to restrain and punish those who were licensed, or indicted or imprisoned under the local act of 1872. The restoration of the act of 1855, at most, can only operate as a cumulative remedy for the preservation of obedience on the part of all persons, whether licensed previously or subsequently to May 13, 1887, or whether licensed at all. Mardorf v. Hemp, 4 Sad. Rep. 280; Sifred v. Com. 104 Pa. 179.

PER CURIAM:

The act of 1887 does repeal the act of 1872, which applied only to the county of Allegheny; and the effect of this has been not only to subject the county to the act of 1887, but also to bring it within the operation of all general acts not repealed or supplied by that statute.

As the first and second sections of the act of 1855 have not been so repealed or supplied, it follows that the action in this case was well brought, and that the judgment of the court below is correct.

The judgment is affirmed.